**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEVEN KENT BLOOM,

      Plaintiff-Appellant,

v.

KAREN MCPHERSON, Registered
Nurse, Correct Care Solutions,
Lansing Correctional Facility; MARY
MONTGOMERY, Registered Nurse,
Correct Care Solutions, Lansing
Correctional Facility; F. N. COOPER,
Disciplinary Board Officer, Lansing
Correctional Facility,

      Defendants-Appellees.

No. 08-3230
(D.Ct. No. 5:07-CV-03258-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **BALDOCK,** and **BRORBY**, Circuit Judges.

---

Steven Kent Bloom, a Kansas state inmate, appeals the district court's order

dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983 as time-

barred by the applicable Kansas statute of limitations and for failure to state a

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

claim for relief against Appellees Karen McPherson, Mary Montgomery, and F.N.

Cooper under 28 U.S.C. § 1915(e)(2)(B)(ii). We exercise jurisdiction under 28

U.S.C. § 1291 and reverse and remand the district court's dismissal of Mr.

Bloom's complaint as time-barred, affirm the district court's decision Mr. Bloom

failed to state a claim for relief against Officer Cooper, and reverse and remand

its decision Mr. Bloom failed to state a claim for relief against Ms. McPherson

and Ms. Montgomery.

## I. Factual and Procedural Background

Mr. Bloom is a state prisoner at a Kansas correctional facility serving a life

sentence following his conviction for his October 14, 1998 murder of another

person. *See State v. Bloom*, 44 P.3d 305, 309-10, 313 (Kan. 2002). On October

15, 2007, Mr. Bloom filed a civil rights complaint pursuant to 42 U.S.C. § 1983

against the Appellees. In his complaint, Mr. Bloom alleged Ms. McPherson and

Ms. Montgomery, who are nurses with Correct Care Solutions, an entity under

contract with his correctional facility, violated his Eighth Amendment right

against cruel and unusual punishment by knowingly and unnecessarily exposing

him to the possibility of great injury or death. In making this claim, he alleged he

is a permanently disabled inmate and that Ms. McPherson knowingly and

deliberately: (1) changed his medical restrictions in March 2005 when she

cleared him for kitchen work, even though she was aware of a 2003 medical order

restricting him from performing such work; and (2) failed to confer with him and obtain his acknowledgment on this modification to his medical records, in violation of Correct Care Solutions' policy. Similarly, Mr. Bloom alleged Ms. Montgomery knew of his serious and permanent disability and activity restrictions but, nevertheless, in July 2005, produced a medical classification report clearing him for kitchen duty, even though she knew it to be false and inaccurate. He alleged their actions caused him to impermissibly be assigned to work as a dining room porter at the correctional facility. As a result, he claimed both nurses were deliberately indifferent to his medical needs and unnecessarily exposed him to pain and the possibility of great injury or death.

In addition, Mr. Bloom alleged Officer Cooper, a female disciplinary board officer at the correctional facility, violated his Fourteenth Amendment right to substantive and procedural due process when she participated in his disciplinary proceeding and found him guilty of failing to work as a dining room porter. However, he explicitly stated he did not challenge any disciplinary conviction against him or seek relief from the punishment imposed, which was a verbal reprimand.

The district court *sua sponte* issued an order for Mr. Bloom to show cause why his complaint should not be dismissed as time-barred by the Kansas two-year

statute of limitations and for failure to state a claim for relief pursuant to 28 U.S.C. § 1915A.[1] The court also granted Mr. Bloom "an opportunity to supplement the complaint to address the deficiencies identified by the court."

Following Mr. Bloom's filing of a supplemental or amended complaint, the district court issued an order dismissing his action as time-barred by the Kansas two-year statute of limitations. Specifically, as to Ms. McPherson and Ms. Montgomery, it held Mr. Bloom was clearly aware of the errors he alleged against them prior to the two-year statute of limitations, but provided no proof of exhaustion of any administrative remedies with respect to his allegations against them.

In addition to being time-barred, the district court also determined Mr. Bloom's supplemental complaint failed to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii).[2] In making this determination, it concluded Mr. Bloom's

---

[1] Under this statute, "[t]he court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if it "fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A.

[2] Under this statute, in proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted ...." 28 U.S.C. § 1915(e)(2)(B)(ii).

allegations against Ms. McPherson and Ms. Montgomery, at most, reflected allegations of negligence not actionable under § 1983 and that his allegations against Officer Cooper lacked factual support to show the challenged disciplinary proceeding implicated a liberty interest protected by the Due Process Clause.

Following his unsuccessful motion to amend the district court's judgment dismissing his supplemental complaint, Mr. Bloom filed this appeal. After Mr. Bloom filed his *pro se* brief on appeal, this court issued an order appointing counsel for Mr. Bloom, asking counsel to file a supplemental brief addressing the tolling of the statute of limitations issue and any other issues counsel deemed appropriate. In recognizing the named Appellees "were never summoned to appear in district court proceedings and are not parties to the appeal," we nevertheless ordered them to file a response brief addressing the issues raised in Mr. Bloom's supplemental brief.

## II. Discussion

On appeal, Mr. Bloom contends the district court erred in dismissing his § 1983 complaint as time-barred by the applicable statute of limitations and for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). He argues any statute of limitations applicable to his claim was tolled while he exhausted his administrative remedies. As to his constitutional claims, he argues

the district court erred in failing to apply the pleading standard in *Erickson v. Pardus*, 551 U.S. 89 (2007), when it dismissed Mr. Bloom's Eighth Amendment cruel and unusual punishment claims against Ms. McPherson and Ms. Montgomery for clearing him for kitchen duty.

In his *pro se* brief on appeal, Mr. Bloom also asserts the district court erred in its determination Officer Cooper did not violate his Fourteenth Amendment Due Process rights by sanctioning him with a verbal reprimand for refusing to report for assigned kitchen duty. In so doing, he challenges as unconstitutional the district court's application of the Supreme Court's holding in *Sandin v. Conner*, 515 U.S. 472 (1995). However, at oral argument, appointed counsel acknowledged this court is bound by the precedent in *Sandin* but reserved Mr. Bloom's right to appeal our application of *Sandin* to his appeal. Counsel also confirmed the only conduct for which Mr. Bloom raises his civil rights action against Officer Cooper is the verbal reprimand she gave him following his failure to appear for kitchen duty.

In her response to Mr. Bloom's appeal, Officer Cooper agrees Mr. Bloom is entitled to tolling of the Kansas common law two-year statute of limitations during the period he exhausted his administrative remedies but asserts the district court properly dismissed Mr. Bloom's Fourteenth Amendment Due Process

Clause claim against her for failure to state a claim for relief.  In their response to Mr. Bloom's appeal, Ms. McPherson and Ms. Montgomery have acknowledged they "have no arguments in opposition" to Mr. Bloom's appeal, but explicitly state they do not waive their defenses of lack of personal jurisdiction and insufficient service of process.

We begin with the tolling of the statute of limitations issue.  As a basic premise, "[n]o action ... with respect to prison conditions" under § 1983 may be brought "by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*."  42 U.S.C. § 1997e(a) (emphasis added).  While exhaustion is required by federal statute, we have otherwise held state law governs statute of limitations and tolling issues in § 1983 actions.  *See Roberts v. Barreras*, 484 F.3d 1236, 1240-41 (10th Cir. 2007).  Under Kansas common law, which both Mr. Bloom and Officer Cooper argue is applicable here, a plaintiff is entitled to tolling of the statute of limitations during the period he exhausted his administrative remedies.  *See Wagher v. Guy's Foods, Inc.*, 885 P.2d 1197, 1205-06 (Kan. 1994).  We have also held "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA[3] lies with the defendant."  *Roberts*, 484 F.3d at 1241.  Thus, "'failure to

---

[3]  The Prison Litigation Reform Act of 1995, enacted in 1996, 42 U.S.C. § 1997e.

exhaust is an affirmative defense under the PLRA, and ... inmates are not required to specially plead or demonstrate exhaustion in their complaints.'" *Id.* at 1240 (quoting *Jones v. Bock*, 549 U.S. 199, 216-17 (2007)).

In this case, Officer Cooper concedes the applicable Kansas common law statute of limitations tolled during the period Mr. Bloom exhausted his administrative remedies against her so that no other discussion is needed on this issue with respect to Mr. Bloom's complaint against her. As to whether Mr. Bloom exhausted his administrative remedies against Ms. McPherson and Ms. Montgomery, the burden of proof lies with them. As Mr. Bloom contends, neither has "been served with the complaint, much less raised the affirmative defense of failure to exhaust administrative remedies." As a result, we conclude the district court erred in *sua sponte* dismissing Mr. Bloom's supplemental complaint as time-barred by the statute of limitations based on the circumstances presented when it issued its dismissal.

Turning to Mr. Bloom's constitutional claims and the district court's dismissal of his complaint, "[w]e apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim," which is a *de novo* review. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In

determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* (quotation marks and citation omitted). The Supreme Court's decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), as well as *Erickson v. Pardus,* on which Mr. Bloom relies, introduced a new standard of inquiry to use in reviewing § 1915(e)(2)(B)(ii) dismissals. *See Kay*, 500 F.3d at 1218; *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, "we look for plausibility in the complaint" and "[i]n particular, we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and citations omitted). "Rather than adjudging whether a claim is improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level." *Id.* (quotation marks and citation omitted). Under this new standard, "a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted).

Having articulated our standard of review, we now turn to Mr. Bloom's constitutional claim against Officer Cooper and the applicable legal principles. It is well established that lawfully incarcerated persons retain only a "narrow range

of protected liberty interests," *Abbott v. McCotter*, 13 F.3d 1439, 1442 (10th Cir. 1994) (quotation marks and citation omitted), and "[t]he Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed," *Sandin*, 515 U.S. at 480 (quotation marks and citation omitted).  However, as explained in *Sandin*, states may create a liberty interest protected by the Due Process Clause, which is generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  515 U.S. at 484.

In this case, as the government contends and Mr. Bloom acknowledges, Mr. Bloom is not challenging his disciplinary conviction for failing to report for kitchen duty or seeking any form of relief in his complaint for Officer Cooper's verbal reprimand.  Instead, as Mr. Bloom concedes, he is simply contesting the verbal reprimand he received from Officer Cooper for failing to report for kitchen duty.  In addressing this issue, we rely on *Sandin* in requiring Mr. Bloom to allege an atypical and significant deprivation giving rise to a loss of a liberty interest in order to raise an actionable due process claim, and we agree with the Seventh Circuit's conclusion that the Due Process Clause does not apply to a verbal reprimand because it does not involve the deprivation of a liberty interest. *See Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir. 1997).  We therefore conclude as a matter of law that Mr. Bloom's allegations against Officer Cooper do not support

a legal claim for relief. Therefore, the district court did not err in dismissing Mr. Bloom's action against Officer Cooper under § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

Turning to Mr. Bloom's claims against Ms. McPherson and Ms. Montgomery, "[t]he Eighth Amendment, applied to the states through the Due Process Clause of the Fourteenth Amendment, prohibits infliction of cruel and unusual punishments on those convicted of crimes." *Handy v. Price*, 996 F.2d 1064, 1066 (10th Cir. 1993). A prisoner advancing an Eighth Amendment claim must allege "deliberate indifference" to "serious" medical needs. *Id.* (quotation marks and citations omitted). Under the Supreme Court's decision in *Estelle v. Gamble*, 429 U.S. 97 (1976), a deliberate indifference standard has two components, including "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind." *Handy*, 996 F.2d at 1067. Regarding the subjective component, "allegations of inadvertent failure to provide adequate medical care or of a negligent ... diagnosis simply fail to establish the requisite culpable state of mind." *Id.* (quotation marks, alteration, and citation omitted).

Applying these principles, we conclude the district court erred in *sua*

-11-

*sponte* dismissing Mr. Bloom's complaint against Ms. McPherson and Ms. Montgomery. In this case, Mr. Bloom alleges both nurses violated his Eighth Amendment right against cruel and unusual punishment by exposing him to the possibility of great injury or death when they cleared him for kitchen duty. Although rudimentary, this allegation implicates an objective component of pain or deprivation that is sufficiently "serious" under the deliberate indifference standard. Mr. Bloom also alleges Ms. McPherson approved him for kitchen assignment even though she knew of a 2003 medical order preventing him from performing such work and Ms. Montgomery produced a medical classification report improperly clearing him for kitchen duty even though she knew it to be false and inaccurate. More specifically, he alleges they acted with deliberate indifference to his medical needs. These allegations implicate the requisite subjective component that the nurses acted with a sufficiently culpable state of mind.

As a result, even if we disregard Ms. McPherson and Ms. Montgomery's statement that they "have no arguments in opposition" to Mr. Bloom's appeal, his allegations, if proven, could plausibly establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. In making our ruling, we express no opinion on Mr. Bloom's ability to prevail on his allegations against these individuals in future dispositive pleadings and proceedings, or at a

trial, but only that the district court erred in its *sua sponte* dismissal of his supplemental complaint at this juncture. Whether Mr. Bloom can prove his allegations, or even whether the evidence indicates the nurses merely acted inadvertently or with negligence, is a matter to be decided in future proceedings on remand, rather than on appeal.

## III. Conclusion

For the foregoing reasons, we **REVERSE** and **REMAND** the district court's dismissal of Mr. Bloom's complaint as time-barred, **AFFIRM** the district court's decision Mr. Bloom failed to state a claim for relief against Officer Cooper, and **REVERSE** and **REMAND** its decision Mr. Bloom failed to state a claim for relief against Ms. McPherson and Ms. Montgomery.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge