FILED
United States Court of Appeals
Tenth Circuit

August 11, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL RAY INGRAM,

    Plaintiff - Appellant,

v.

FRANK CLEMENTS; R. WERHOLZ;
RICK RAEMISCH; J. FALK, Sterling
Correctional Facility (SCF) Warden;
J. CHAPDELAINE, SCF Associate
Warden; JOHN AND JANE DOES;
K. MCKAY, SCF Physician's Assistant;
PHYSICIANS HEALTH PARTNERS,
INC., a Colorado corporation; and John
and Jane Does, Physicians Health Partner,
Inc., d/b/a Health Partners, a Colorado
corporation,

    Defendants - Appellees.

No. 16-1416
(D.C. No. 1:14-CV-01024-REB-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Michael Ingram, proceeding pro se, appeals the district court's dismissal of his civil rights suit. We dismiss in part for lack of appellate jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291 over the remaining claims, we affirm in part and reverse in part.

**I**

Ingram is incarcerated in the Colorado Department of Corrections ("CDOC"), and currently housed in the Sterling Correctional Facility ("SCF"). In 2014, he filed suit against Keri McKay, a physician's assistant contractually employed by CDOC, and multiple prison administrators ("CDOC defendants"). In his First Amended Complaint ("FAC"), Ingram asserts violations of: (1) the Eighth Amendment; (2) the Fourteenth Amendment; (3) the Americans with Disabilities Act ("ADA"); (4) the Rehabilitation Act; and (5) state law. The claims involve allegations that Ingram suffers from numerous medical conditions or disabilities that have been exacerbated by issues arising out of prison work assignments, medical care, and housing.

After an initial screening under 28 U.S.C. § 1915A, the district court dismissed as legally frivolous all but the Eighth Amendment and state law claims.[1] Defendants then moved to dismiss the remaining claims. A magistrate judge considered the motions and recommended that they be granted. The parties were advised that failure to make timely and specific objections to the magistrate's recommendation would

---

[1] Because Ingram does not appeal the dismissal of his Fourteenth Amendment or state law claims, we will not address them. Krastev v. INS, 292 F.3d 1268, 1280 (10th Cir. 2002) ("Issues not raised on appeal are deemed to be waived.").

result in waiver of the right to appeal the district court's judgment. Ingram filed a timely motion requesting a six-month extension to file objections. The district court denied the motion and adopted the magistrate's recommendation, dismissing the remaining claims. After unsuccessfully moving to alter or amend the judgment under Fed. R. Civ. P. 59(e), Ingram filed a timely appeal to this court.

## II

Before proceeding to the merits, there are two threshold issues we must address: whether the appeal should be dismissed for Ingram's failure to pre-pay the filing fee under 28 U.S.C. § 1915(g), or for his failure to timely object to the magistrate's recommendation.

## A

Before appealing a district court order, a prisoner must pre-pay the entire filing fee unless granted leave to proceed in forma pauperis ("IFP"). Section 1915(g) prohibits a prisoner from proceeding IFP if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim." An exception applies if "the prisoner is under imminent danger of serious physical injury." § 1915(g). To meet this exception, a prisoner must "make specific, credible allegations of imminent danger of serious physical harm." Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation and alteration omitted).

In response to an order to show cause, Ingram does not deny he has "three strikes" that disqualify him from proceeding IFP, but he argues that his appeal falls within the "imminent danger" exception. He refers to the numerous allegations of ongoing medical conditions and disabilities detailed in the FAC, and asserts that he will suffer increased pain and exacerbation of his medical conditions without immediate court intervention. We conclude that Ingram has satisfied the "imminent danger" exception and may proceed without full pre-payment of fees.[2]

**B**

Under the "firm-waiver rule," failure to object to a magistrate judge's recommendation "waives appellate review of both factual and legal questions." Davis v. Clifford, 825 F.3d 1131, 1137 n.3 (10th Cir. 2016) (quotation omitted). We may depart from this rule when "the interests of justice require." Duffield v. Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008) (quotations omitted). "Although 'interests of justice' is a rather elusive concept, we have considered factors such as a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." Id. at 1238 (citation, quotations, and italics omitted). Determining the importance of the issues "is similar

---

[2] We lack jurisdiction to consider Ingram's separate arguments regarding the propriety of the district court filing fee imposed by the magistrate judge. Although Ingram filed a motion for reconsideration of the magistrate judge's IFP order, he did not timely seek district court review of the denial of that motion. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). We do not have jurisdiction to directly review interlocutory orders issued under § 636(b)(1)(A) by a magistrate judge. SEC v. Merrill Scott & Assocs., Ltd., 600 F.3d 1262, 1269 (10th Cir. 2010).

to reviewing for plain error," which requires a showing of "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotations omitted).

We conclude this test is satisfied as to one claim. As explained further infra, Ingram alleged a plausible Eighth Amendment claim against McKay, which both the magistrate judge and district judge failed to address. Ingram timely notified the district court of his intention to object and requested additional time, citing pain and cognitive impairment, as well as difficulties conducting legal research and writing. He explained that his handwritten nine-page motion for an extension of time had taken him nine days to draft. This is a sufficient showing of Ingram's efforts to comply and his reasons for being unable do so. We will therefore excuse his waiver in order to reach this claim. However, we conclude that the magistrate judge's recommendations as to Ingram's remaining Eighth Amendment claims and the application of Eleventh Amendment immunity are not plainly erroneous. Accordingly, the "interests of justice" do not warrant their reconsideration.[3]

## III

We review de novo the district court's Rule 12(b)(6) and § 1915(e)(2)(B) dismissal of Ingram's claims. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is

---

[3] Ingram separately argues the dismissal of all claims must be reversed because both judges below should have been recused pursuant to 28 U.S.C. § 455. However, his only asserted basis for recusal is the courts' failure to rule in his favor, which is insufficient. United States v. Cooley, 1 F.3d 985, 993-94 (10th Cir. 1993).

5

obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Id. (quotation omitted). We review Ingram's pro se complaint liberally. Id.

**A**

Ingram challenges the district court's § 1915 dismissal of his ADA and Rehabilitation Act claims asserted against the CDOC defendants, based on their failure to make reasonable accommodations. Because these claims are analyzed under the same standards, we discuss them together. See Miller ex rel. S.M. v. Bd. of Educ., 565 F.3d 1232, 1245 (10th Cir. 2009). Both statutes apply to inmates in state prisons and prohibit discrimination based on disability in the availability of public services. See Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 209 (1998); Stanley v. Litscher, 213 F.3d 340, 343 (7th Cir. 2000) ("The Supreme Court has held that the ADA applies to prisons and its reasoning is equally applicable to the Rehabilitation Act." (citation omitted)). To state a failure-to-accommodate claim under either provision, Ingram must show: (1) he is a qualified individual with a disability; (2) he was "either excluded from participation in or denied the benefits of some public entity's services, programs, or activities"; (3) such exclusion or denial was by reason of his disability; and (4) SCF knew he was disabled and required an accommodation. J.V. v. Albuquerque Pub. Sch., 813 F.3d 1289, 1295, 1299 (10th Cir. 2016).

The district court dismissed these claims, concluding the FAC failed to allege that Ingram was excluded from any specific services. But Ingram's allegation that he

6

was deprived access to his medications is sufficient to state a claim.[4]  Ingram complains that he must stand in a long outdoor line, even in cold weather, to receive his prescription medications for high blood pressure, asthma, dysphagia, migraines, and chronic arthritis pain.  He alleges he is medically restricted from standing more than thirty minutes at a time, and that prolonged standing, particularly in cold weather, aggravates his medical conditions, including neuropathic foot pain, knee pain, left hip pain, lower-back pain/spasms, and mid-back pain.  To avoid these consequences, he must sometimes forego receiving his prescribed medications.  Ingram asserts that defendants have denied his requests for accommodations, such as exempting him from standing in long medical lines, moving the lines indoors, or constructing an enclosure in which inmates can stand while waiting.

Assertions of medical malpractice or failure to provide medical treatment generally do not rise to the level of an ADA or Rehabilitation Act violation.  See, e.g., Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005).  Ingram's claim, however, does not involve medical treatment but instead alleges that defendants have created a temporal/spatial barrier to his obtaining the care already

_____

[4] The FAC also cites lack of access to various Christian activities but does not describe any specific barriers to participation.  It merely asserts that if SCF provided Ingram with his requested accommodations, he would feel more rested and better able to participate.  This is insufficient to state a failure-to-accommodate claim.

Additionally, the FAC alleges denial of certain employment opportunities.  Prior to Yeskey, we held that neither the ADA nor the Rehabilitation Act apply to prison employment.  White v. Colorado, 82 F.3d 364, 367 (10th Cir. 1996).  Even assuming that Yeskey has opened the door to such claims, Ingram has failed to show that his proposed accommodation—working part-time for full-time pay—is reasonable.

prescribed to him. These allegations are sufficient to state a non-frivolous claim under the ADA and Rehabilitation Act.[5]

**B**

Ingram also challenges the district court's Rule 12(b)(6) dismissal of his Eighth Amendment claims. To prevail on these claims, Ingram must show that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Self v. Crum, 439 F.3d 1227, 1231 (10th Cir. 2006) (quotation omitted). As stated, supra, the sole Eighth Amendment claim we may consider after application of the "firm-waiver rule" is Ingram's deliberate indifference claim against McKay. Specifically, we consider only Ingram's allegation that McKay was deliberately indifferent to the dangers posed by approving Ingram for kitchen work—work that requires prolonged standing and heavy lifting—notwithstanding a medical order limiting his standing to no more than thirty minutes at a time. Neither the magistrate judge nor the district court specifically addressed this claim.

"In the work assignment context, prison officials are deliberately indifferent when they knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their health, or which is unduly

---

[5] The district court's other rationale for dismissal—that the FAC failed to allege defendants acted with a discriminatory motive—does not apply to failure-to-accommodate claims. See Punt v. Kelly Servs., 862 F.3d 1040 (10th Cir. 2017).

8

painful." Choate v. Lockhart, 7 F.3d 1370, 1374 (8th Cir. 1993) (quotations and ellipses omitted). In an unpublished decision, this court held that an inmate stated a claim against a nurse for allegedly approving him for kitchen duty even though she knew that a medical order prevented him from performing such work. Bloom v. McPherson, 346 F. App'x 368, 373 (10th Cir. 2009) (unpublished). Construed liberally, the FAC plausibly states an Eighth Amendment claim similar to the claim deemed sufficient in Bloom. Accordingly, we conclude the district court erred in dismissing this claim without consideration or analysis.

### IV

For the foregoing reasons, we **REVERSE** and **REMAND** the dismissal of Ingram's ADA and Rehabilitation Act claims premised on lack of access to prescribed medications, and his Eighth Amendment claim alleging that McKay acted with deliberate indifference in approving Ingram for kitchen work. We **DISMISS** Ingram's challenges to the district court's IFP order for lack of appellate jurisdiction. We otherwise **AFFIRM** the district court's challenged orders and judgment.

The pending orders to show cause are discharged, and Ingram's motion to proceed on appeal in forma pauperis is **GRANTED**. We remind him of his obligation to continue making partial payments until the entire fee has been paid.

Entered for the Court

Carlos F. Lucero
Circuit Judge

9