**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SAMUEL ROBINSON,

    Plaintiff - Appellant,

v.

DARREN ADAME, individually and his
official capacity; SERGEANT
CHRISTOPHER BONGRINO,
individually and his official capacity,

    Defendants - Appellees.

No. 19-1325
(D.C. No. 1:18-CV-01691-RBJ-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

In this 42 U.S.C. § 1983 excessive-force case, prisoner Samuel Robinson appeals

pro se from a district court order that granted Darren Adame's and Christopher

Bongrino's motion for summary judgment. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

At the times relevant to this lawsuit, Robinson was an inmate in the custody of the Colorado Department of Corrections. The Department maintains a three-step grievance process for inmates to assert administrative complaints.

In July 2016, Robinson submitted a step-one grievance, alleging that correctional officers Adame and Bongrino "choked [him] unconscious and tazed [him]" as he exited his cell, handcuffed and attempting to accompany them to a disciplinary hearing. R at 92. A grievance coordinator reviewed the evidence and denied Robinson's grievance as unsubstantiated.

In August, Robinson submitted a step-two grievance, repeating his allegations. A grievance coordinator denied it, citing a lack of supporting evidence.

Under the Department's policy, Robinson then had five days from his receipt of the step-two denial to complete the grievance process by submitting a step-three grievance. Two months beyond that deadline, however, on October 18, Robinson submitted a step-three grievance. Therein, he repeated the facts of the alleged assault, and he requested (1) an award of "funds . . . for [his] pain and suffering" and (2) that "C.O. Adame be barred from any facility" he was incarcerated in. *Id.* at 94. A grievance officer denied the step-three grievance, explaining that it was untimely and that it sought relief not available through the process. Consequently, the officer closed the administrative action.

2

In 2018, Robinson retained counsel and filed the instant § 1983 action in federal district court. He alleged that Adame and Bongrino used excessive force against him, causing "paralysis and permanent disabilities." *Id.* at 11.

In response, Adame and Bongrino moved for summary judgment. A magistrate judge recommended granting their motion on the basis that Robinson had not exhausted his administrative remedies. Robinson's attorney objected to the recommendation, admitting the untimeliness of the step-three grievance, but arguing that exhaustion is not required where "the requested relief of damages is not available to an inmate." *Id.* at 168.

On de novo review, the district court overruled that objection and accepted the magistrate judge's recommendation. It then granted Adame's and Bongrino's motion and dismissed Robinson's claims with prejudice.

## DISCUSSION
## I.  Standards of Review

We review summary judgment decisions de novo, "view[ing] the evidence and draw[ing] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Talley v. Time, Inc.*, 923 F.3d 878, 893 (10th Cir. 2019) (internal quotation marks omitted). Summary judgment is required when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Also, "[w]e review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Because Robinson appears pro se, we construe his filings liberally, but

we do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## II. Exhaustion

Under the Prison Litigation Reform Act (PLRA), a prisoner cannot bring an action "with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Proper exhaustion requires compliance with all of the prison's grievance procedures, including "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016).

Robinson argued in the district court that exhaustion was unnecessary because the relief he sought—money damages—was unavailable in the grievance process. The district court properly rejected that argument: "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

On appeal, Robinson pursues a new unavailability argument. He states that he timely submitted a step-three grievance, but Officer Adame tore it up four days before the deadline. Granted, "an administrative remedy is not 'available' under the PLRA if prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of the administrative remedy." *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011) (brackets and internal quotation marks omitted). But under this court's firm-waiver rule,

4

an argument not included in the objections to the magistrate judge's recommendation is waived.  *Davis v. Clifford*, 825 F.3d 1131, 1137 n.3 (10th Cir. 2016).

There are exceptions to the firm-waiver rule for certain litigants proceeding without counsel in the district court or when the interests of justice require review.  *See Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008).  But neither exception applies here.  Specifically, Robinson was represented by counsel in the district court, and the interests-of-justice exception is "narrow" in counseled cases.  *Key Energy Res. Inc. v. Merrill (In re Key Energy Res., Inc.)*, 230 F.3d 1197, 1200 (10th Cir. 2000).  It is so narrow, in fact, that it applies in only "rare circumstance[s]."  *Id.* (internal quotation marks omitted).  As explained below, this case does not present such circumstances.

Robinson states he told his counsel that Officer Adame tore up the original step-three grievance, but his counsel "did not present this argument or . . . request[ ] documents from the defendants on this matter."  Aplt. Opening Br. at 22.  According to Robinson, his counsel provided ineffective assistance by not pursuing Officer Adame's alleged interference with the grievance process.[1]  But "[t]he general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial."  *Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006).

Further, the interests of justice do not compel review of an argument that was eschewed by counsel and is facially suspect.  In particular, there is no mention in

---

[1] Robinson also contends that his attorney rendered ineffective assistance by not meeting with him in person and because he was subject to ongoing disciplinary proceedings that ultimately led to his disbarment.

5

Robinson's October step-three grievance of Officer Adame hindering in any way the timely submission of a step-three grievance. Further, Robinson does not provide a clear account of the reasons he was unable to submit a step-three grievance before October 18. Consequently, we conclude that Robinson's new unavailability argument is waived.[2]

Finally, Robinson contends the district court erred by dismissing his claims with prejudice. He is mistaken. *See Kikumura v. Osagie*, 461 F.3d 1269, 1289 (10th Cir. 2006) ("[C]laims that have been properly denied by the prison as untimely are, practically speaking, procedurally defaulted, and thus may be dismissed from the complaint . . . with prejudice."), *overruled in part on other grounds as recognized in Robbins v. Oklahoma*, 519 F.3d 1242, 1246-47 (10th Cir. 2008).

## CONCLUSION

We affirm the district court's judgment. We grant Robinson's motion for leave to proceed in forma pauperis, and we remind him that he must continue making partial payments until the filing and docketing fees are paid in full. *See* 28 U.S.C. § 1915(b). Finally, we deny Robinson's motion to supplement the record with documents not presented to the district court. *See Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 862-63

---

[2] Robinson initiated a separate round of grievances related to this matter, but he did not complete the process. Accordingly, the magistrate judge determined that he had not exhausted his administrative remedies. Robinson did not address that round of grievances in his objection to the magistrate judge's recommendation and he does not address that round in this appeal. Thus, any exhaustion argument concerning that round of grievances is waived. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)); *Davis*, 825 F.3d at 1137 n.3 (noting that any argument not included in the objections to the magistrate judge's recommendation is waived).

(10th Cir. 2015) (observing that an appellate court has "discretion to deny a motion to supplement the record on appeal when the materials sought to be added to the record were never before the district court").

Entered for the Court

Timothy M. Tymkovich
Chief Judge