FILED
United States Court of Appeals
Tenth Circuit

June 13, 2016

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————

LATONYA DENISE DAVIS,

    Plaintiff - Appellant,

v.

No. 15-1329

TODD CLIFFORD, Lakewood Police
Officer; TODD FAHLSING, Lakewood
Police Sergeant; MICHELE WAGNER,
Lakewood Police Sergeant; MICHELLE
CURRENT, Lakewood Police Sergeant;
CITY OF LAKEWOOD, jointly and
severally,

    Defendants - Appellees.
———————————————

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:13-CV-01642-WJM-KLM)**
———————————————

Submitted on the briefs:[*]

LaTonya Denise Davis, pro se.

Thomas J. Lyons and Matthew J. Hegarty, Hall & Evans, L.L.C., Denver, Colorado;
for City of Lakewood; Michele Wagner; Todd Clifford; Todd Fahlsing,
Defendants-Appellees.

———————

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Jonathan M. Abramson, Kissinger & Fellman, P.C., Denver, Colorado, for Michelle Current, Defendant-Appellee.

_____

Before **BRISCOE**, **LUCERO**, and **McHUGH**, Circuit Judges.

_____

**LUCERO**, Circuit Judge.

_____

LaTonya Davis, proceeding pro se, brought this action against four Lakewood Police Department officers and the City of Lakewood (the "City"). She alleges that the officers used excessive force in arresting her for a misdemeanor offense. Upon stopping Davis' car, which had a license plate with a handicapped symbol, for driving with a suspended license, Officer Todd Clifford called for additional assistance; several police cars arrived and officers began pounding Davis' car with their batons, demanding she exit the vehicle. Fearing for her safety, Davis asked the officers for assurances that they would not hurt her, and they responded by smashing her car window, pulling her through the broken window by her hair and arms, and throwing her on the glass-littered pavement. Davis also claims the City is culpable in failing to properly train and supervise the officers. She appeals the district court's grant of summary judgment, which held the officers were entitled to qualified immunity and the City was not liable.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part, reverse in part, and remand for further proceedings. Specifically, we reverse the district court's grant of qualified immunity to two of the officers, Clifford and Sergeant Todd Fahlsing. If proven, their alleged use of force against a misdemeanant who did not

2

pose an immediate threat to herself or others would be excessive under clearly established law. We affirm as to all other defendants because Davis has waived any challenge with respect to those defendants.

## I

On review of summary judgment, we recite the facts in the light most favorable to Davis, the non-moving party. See Howard v. Waide, 534 F.3d 1227, 1235 (10th Cir. 2008). Many of the material facts recited here are disputed.

Davis' claims arise from a traffic stop that occurred around 11:30 pm on February 25, 2012, in Lakewood, Colorado. Clifford processed Davis' license plate, which had a handicapped symbol, through a law-enforcement database and discovered an active warrant for her arrest for driving with a suspended license caused by failure to provide proof of insurance. As he activated his emergency lights, Clifford called for back-up assistance, and three other officers responded that they were en route. Davis pulled into a parking lot and turned off her car, and the other officers soon arrived, blocking Davis' vehicle from all directions.

After being surrounded by police cars, Davis heard batons banging on her car and, fearing for her safety, she locked the doors and rolled up her window. Clifford and Fahlsing approached the driver's side door, and Clifford told Davis to step out of the car. Through a gap in the window, Davis asked why she had been pulled over and offered to show her license, insurance, and registration. Clifford responded, "you know why," and commanded her to "step the fuck out of the car." After the officers told Davis that she was under arrest and again directed her to exit the

3

vehicle, Davis responded that she would get out of the car if the officers promised not to hurt her.

When Davis did not immediately exit her vehicle, Fahlsing shattered the driver's side window with his baton. Instead of reaching in to open the door, Clifford and Fahlsing grabbed Davis by her hair and arms, pulled her through the shattered window, pinned her face-down on the broken glass outside the car, and handcuffed her. Placed into a patrol car, Davis suffered an anxiety attack—paramedics were called and she was transported to a hospital for treatment. She was then transferred to jail.

Davis filed suit alleging that the officers used excessive force in arresting her and that the City failed to properly train and supervise the officers. The defendants filed a motion for summary judgment, asserting they were entitled to qualified immunity and there was insufficient evidence to support Davis' claim against the City. A magistrate judge recommended granting the motion in favor of all defendants. The district court adopted the recommendation and entered summary judgment. Davis timely appeals.

## II

"We review orders granting summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party." Howard, 534 F.3d at 1235. Summary judgment is appropriate "if the movant shows that there is no genuine

4

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1]

"Title 42 U.S.C. § 1983 allows an injured person to seek damages against an individual who has violated his or her federal rights while acting under color of state law." Estate of Booker v. Gomez, 745 F.3d 405, 411 (10th Cir. 2014) (quotation omitted). "We treat excessive force claims as seizures subject to the reasonableness requirement of the Fourth Amendment. Accordingly, to establish a constitutional violation, the plaintiff must demonstrate the force used was objectively unreasonable." Havens v. Johnson, 783 F.3d 776, 781 (10th Cir. 2015) (quotation omitted).

In response to Davis' claims of excessive force, the officers moved for summary judgment, asserting they were entitled to qualified immunity. Qualified immunity "shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law." Estate of Booker, 745 F.3d at 411 (quotation omitted). Qualified immunity having been claimed, "the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." Id. (quotation omitted).

---

[1] We liberally construe Davis' pro se filings. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Id.

5

## A

We consider whether, viewed in light most favorable to plaintiff Davis, defendants Clifford and Fahlsing's conduct violated her constitutional rights. "The ultimate question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them." Casey v. City of Fed. Heights, 509 F.3d 1278, 1281 (10th Cir. 2007) (quotation omitted). This determination "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [s]he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 396 (1989).

The severity of Davis' crime weighs against the use of anything more than minimal force because the charge underlying her arrest—driving with a suspended license for failing to provide proof of automobile insurance—is a misdemeanor. See Colo. Rev. Stat. § 42-7-422. Although "an officer can effect an arrest for even a minor infraction, [a] minor offense—at most—support[s] the use of minimal force." Perea v. Baca, 817 F.3d 1198, 1203 (10th Cir. 2016); accord Morris v. Noe, 672 F.3d 1185, 1195 (10th Cir. 2012) (holding the amount of force should be reduced for a misdemeanor); Fisher v. City of Las Cruces, 584 F.3d 888, 895 (10th Cir. 2009) (stating the commission of a petty misdemeanor weighs in favor of using minimal force). Clifford and Fahlsing are alleged to have shattered Davis' car window and pulled her through the broken window by her arms and hair; this degree of substantial

6

force plainly would exceed the minimal amount proportional to her misdemeanor. The first Graham factor thus weighs heavily against Clifford and Fahlsing.

The second factor, whether Davis posed an immediate threat to the safety of the officers or others, also weighs against Clifford and Fahlsing. There is no evidence that Davis had access to a weapon or that she threatened harm to herself or others. Cf. Zia Trust Co. ex rel. Causey v. Montoya, 597 F.3d 1150, 1155 (10th Cir. 2010) (clearly established law prohibits use of deadly force when the officer "did not have probable cause to believe that [arrestee posed] a serious threat of serious physical harm to himself or others" (quotation omitted)); see also Terebesi v. Torreso, 764 F.3d 217, 239 (2d Cir. 2014) (denying qualified immunity to officers who used stun grenades when there was no suggestion that the arrestee was ready to engage in violence or had immediate access to weapons); Cyrus v. Town of Mukwonago, 624 F.3d 856, 863 (7th Cir. 2010) (holding a jury could conclude that officer's use of force was excessive, in part, because the officer knew the arrestee was unarmed and could not access a weapon); Winterrowd v. Nelson, 480 F.3d 1181, 1185 (9th Cir. 2007) (officer's use of force was not justified when arrestee carried a weapon in his car but was far from his vehicle and unable to access the weapon). To the contrary, Davis alleges she merely sought reassurance that she would not be hurt, and that the officers responded by shattering her vehicle window and pulling her through the broken window by her hair and arms. Because the evidence does not demonstrate that Davis posed a threat to the safety of the officers or others, this factor suggests Clifford and Fahlsing's use of force was excessive.

7

The third factor, whether Davis actively resisted or attempted to evade arrest, weighs slightly against Clifford and Fahlsing. That Davis rolled up her window, left her keys in the ignition, and refused to exit the vehicle when ordered to do so could suggest that she was attempting to resist or evade arrest. Cf. Mecham v. Frazier, 500 F.3d 1200, 1204-05 (10th Cir. 2007) (holding that officers were justified in using pepper spray on a driver during a fifty-minute stop for speeding, in part, because she had the keys and control of her car and refused to cooperate). However, because police cars surrounded Davis' car on all sides, she could not have driven away. Moreover, there is no evidence that Davis actually attempted to flee. In addition, Davis' car had a license plate with a handicapped symbol. Because Davis was not actively resisting arrest or attempting to flee, even though she did not immediately obey the officers' orders, this factor weighs less heavily against Clifford and Fahlsing.

Viewing the evidence in the light most favorable to Davis, Howard, 534 F.3d at 1235, we conclude she has demonstrated that Clifford and Fahlsing used excessive force.

**B**

We turn to the second element—whether the law was clearly established. "A right is clearly established if it would be clear to a reasonable officer that his conduct was unlawful in the situation." Maresca v. Bernalillo Cty., 804 F.3d 1301, 1308 (10th Cir. 2015) (quotation omitted), petition for cert. filed, 84 U.S.L.W. 3484 (U.S. Feb. 22, 2016) (No. 15-1076). Generally "this means that there must be a

8

Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Id. (quotation omitted). "However, the qualified immunity analysis involves more than a scavenger hunt for prior cases with precisely the same facts." Perea, 817 F.3d at 1204 (quotation omitted). "[A] general constitutional rule . . . can apply with obvious clarity to the specific conduct in question, even though [such conduct] has not previously been held unlawful." Anderson v. Blake, 469 F.3d 910, 914 (10th Cir. 2006) (quotation omitted). "We have therefore adopted a sliding scale to determine when law is clearly established. The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation." Casey, 509 F.3d at 1284 (quotation omitted). We have been cautioned "'not to define clearly established law at a high level of generality,' but to focus on 'whether the violative nature of particular conduct is clearly established.'" Perea, 817 F.3d at 1204 (quoting Mullenix v. Luna, 136 U.S. 305, 308 (2015)).

The degree of force allegedly used by police officers in this case is disturbing, and we find nothing in the record that would justify the alleged aggressive behavior of the officers. "[W]e need not have decided a case involving similar facts to say that no reasonable officer could believe that he was entitled to behave as [Clifford and Fahlsing] allegedly did." Casey, 509 F.3d at 1285. "When an officer's violation of the Fourth Amendment is particularly clear from Graham itself, we do not require a

9

second decision with greater specificity to clearly establish the law." Morris, 672 F.3d at 1197 (quotation omitted).[2]

As discussed supra, all three Graham factors weigh against Clifford and Fahlsing: "Graham establishes that force is least justified against nonviolent misdemeanants who do not flee or actively resist arrest." Casey, 509 F.3d at 1285. In addition, it is, and was at the time of Davis' arrest, clearly established law that the use of disproportionate force to arrest an individual who has not committed a serious crime and who poses no threat to herself or others constitutes excessive force. See Fogarty v. Gallegos, 523 F.3d 1147, 1161 (10th Cir. 2008) (clearly established that the use of force against an arrestee who committed a petty misdemeanor, posed no threat to others, and did not resist arrest was unlawful); Casey, 509 F.3d at 1285. Although Fogarty did not involve an arrest warrant, the outstanding warrant against Davis was clearly for a misdemeanor, and we read no demonstrable facts in this record, in which Davis posed no threat of fleeing, which would permit a higher level of force than that specified in Fogarty.

Looking at other circuits, this case is closely akin to Deville v. Mercantel, 567 F.3d 156 (5th Cir. 2009), which held that the law was clearly established that

---

[2] The magistrate judge relied in part on Valencia v. De Luca, 612 F. App'x 512 (10th Cir. 2015) (unpublished), in concluding the law was not clearly established. In Valencia, we held that officers who forcibly removed a juvenile from his car after opening the door were entitled to qualified immunity. Id. at 515, 519. The juvenile was actively resisting arrest by bracing his legs against the floorboard and grabbing onto the steering wheel. Id. at 515. That case is distinct from the present situation in which, considering the facts in light most favorable to Davis as we are required to do, the officers pulled Davis, who is handicapped and was not actively resisting arrest, through the automobile's broken window by her hair and arms.

10

officers used excessive force in executing a minor traffic stop by breaking the driver's-side window, roughly extracting the driver from the car, and tightly handcuffing her, causing severe nerve damage, when she passively resisted arrest. Id. at 169; see also Thornton v. City of Macon, 132 F.3d 1395, 1400 (11th Cir. 1998) (holding that when arrestees had not committed a serious crime, posed no immediate threat, and did not actively resist arrest, "the officers were not justified in using any force, and a reasonable officer thus would have recognized that the force used was excessive").  Because all of the Graham factors are in Davis' favor, "a reasonable officer would know based on his training that the force used was not justified." Morris, 672 F.3d at 1198; see also Hope v. Pelzer, 536 U.S. 730, 741 (2002) ("[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances.").  Thus, viewing the evidence in the light most favorable to Davis, we conclude she has met her burden to demonstrate that the law was clearly established that the officers used excessive force.  Thus, Clifford and Fahlsing are not entitled to qualified immunity and we reverse the district court's grant of summary judgment to these two officers.[3]

---

[3] In addition to the claims discussed above, Davis' appellate brief raises the following claims:  (1) the officers failed to comply with laws pertaining to disabled persons; (2) the officers' conduct was in retaliation for her past complaints about various police officers; (3) the officers engaged in a civil conspiracy; (4) the officers committed assault and battery; (5) numerous other officers at the scene failed to intervene; (6) the officers violated her right to familial association; and (7) as a result of this incident, various City police officers have harassed her and her family.  Davis has not identified where she presented these claims in the district court, and our review of her amended complaint indicates they were not presented.  Therefore, we do not consider these claims which are raised for the first time on appeal.

11

**C**

The district court granted summary judgment in favor of Sergeants Michele Wagner and Michelle Current because Davis' allegations against them—that one held her legs while she was handcuffed—were insufficient to state a claim for excessive force. Davis does not challenge this determination on appeal, and thus any claim of error is waived. See United States v. Lilly, 810 F.3d 1205, 1219 n.6 (10th Cir. 2016). Accordingly, we affirm the grant of summary judgment to Wagner and Current.

**III**

The grant of summary judgment in favor of Wagner, Current, and the City is **AFFIRMED**. The judgment as to Clifford and Fahlsing is **REVERSED** and the claims pertaining to them are remanded for further proceedings consistent with this opinion. Davis' motion to proceed in forma pauperis on appeal is **GRANTED**.

---

See McDonald v. Kinder-Morgan, Inc., 287 F.3d 992, 999 (10th Cir. 2002) ("[A]bsent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").

We also do not consider her claims against the City. She did not include these claims in her objections to the magistrate judge's recommendation, and, under our firm-waiver rule, her failure to object "waives appellate review of both factual and legal questions." Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010) (quotation omitted). And Davis has not attempted to demonstrate she is entitled to "relief from the rule in the interests of justice." Id. (quotation omitted). Similarly, we do not consider Davis' claim that the warrant for her arrest was invalid because it was not included in her objections to the magistrate judge's recommendation. Id.

Finally, Davis complains that the district court did not appoint counsel. She has failed to identify where in the record she requested such relief and our review indicates that she did not. But even if she had, a civil litigant such as Davis does not have a Sixth Amendment right to counsel. Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1169 (10th Cir. 2003).

12