**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 6, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

_____

THOMAS E. NIDIFFER; LAURIE-LYNN
FRANCESE,

     Plaintiffs - Appellants,

v.

DAVID LOVATO, Officer; ARMANDO
CAMPOS, Officer; ZACHARY
SISEMORE, Officer,

     Defendants - Appellees.

No. 24-2056
(D.C. No. 1:22-CV-00374-MV-JMR)
(D. N.M.)

_____

# ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.

_____

Thomas E. Nidiffer and Laurie-Lynn Francese (the Owners), proceeding

pro se, appeal from the district court's grant of the defendant police officers'

summary judgment motion and denial of the Owners' summary judgment motion in

this suit under 42 U.S.C. § 1983.  Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

In May 2019, three officers with the Edgewood Police Department (the

Officers) were dispatched to investigate a report that cannabis was being grown on

and sold from the Owners' property.  A chain-link fence surrounds the property, and

there is a locked gate at the entryway to the Owners' driveway.  Without entering the

property, the Officers twice sounded an air horn, but the Owners did not hear it.  The

Officers then climbed over the gate and walked up the driveway to the base of the

front porch, where Mr. Nidiffer met them.  When the Officers asked for consent to

look around, Mr. Nidiffer declined.  He asked them to leave the property, and they

complied.

As relevant to this appeal, the Owners brought a § 1983 suit in federal district

court claiming the Officers violated the Owners' Fourth Amendment rights by

climbing over the gate and entering the property without a warrant or probable

cause.[1]  Both sides moved for summary judgment.  The magistrate judge issued a

report recommending the district court grant the Officers' motion based on qualified

---

[1] Mr. Nidiffer also claimed that the Officers violated his Fourth Amendment
rights by contacting the New Mexico Department of Health to determine if he had a
license to grow cannabis.  But he did not object to the magistrate judge's
recommendation that the district court grant summary judgment to the Officers on
this claim, and he does not make any separate appellate arguments regarding this
claim, so we do not consider it.  *See Davis v. Clifford*, 825 F.3d 1131, 1137 n.3
(10th Cir. 2016) (noting that under this circuit's "firm-waiver rule," a party's "failure
to object waives appellate review of both factual and legal questions" (internal
quotation marks omitted)); *id.* at 1138 (recognizing that where a party "does not
challenge [a district court's] determination on appeal, . . . any claim of error is
waived").

immunity and deny the Owners' motion.  The Owners objected, but the district court overruled their objections, adopted the report and recommendation, granted the Officers' motion for summary judgment, and denied the Owners' motion for summary judgment.

The Owners timely appealed.

## II

"We review *de novo* a district court's rulings on cross-motions for summary judgment." *M. S. v. Premera Blue Cross*, 118 F.4th 1248, 1264 (10th Cir. 2024). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Because the Owners proceed pro se, we construe their filings liberally, but we do not act as their advocate. *Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023).

## A.    Qualified Immunity

The district court granted judgment for the Officers based on qualified immunity.  "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "When a defendant asserts qualified immunity at summary judgment, . . . the plaintiff . . . must demonstrate on the facts alleged that (1) the defendant's actions violated his or her constitutional or statutory rights, and (2) the right was clearly established at

the time of the alleged misconduct." *Est. of Beauford v. Mesa Cnty.*, 35 F.4th 1248, 1261 (10th Cir. 2022). Courts have discretion to consider either prong first. *Pearson*, 555 U.S. at 236.

The magistrate judge "agree[d] with [the Owners] that their Fourth Amendment rights were violated," R. at 121, but she concluded the Owners failed to show the law was clearly established when the Officers acted. The district court agreed the Officers violated the Owners' constitutional rights "by entering the curtilage of their home." R. at 148. But the district court determined the Officers were entitled to qualified immunity because of the lack of clearly established law. "Case law has not clearly established when a physical structure such as the [gate] in this case revokes the implied license to conduct a knock and talk," the district court reasoned. "Indeed, there is a marked absence of case law on this issue." *Id.*

On appeal, the Owners urge reversal, stating qualified immunity "is a doctrine invented by the supreme court [and] is NOT actual law." Aplt. Opening Br. at 1. They further debate the need for qualified immunity and assert its standards are too restrictive. We readily reject these arguments. Like the district court, we are bound to follow Supreme Court precedent, which recognizes the doctrine of qualified immunity. *See United States v. Venjohn*, 104 F.4th 179, 186 (10th Cir. 2024) ("The Supreme Court case . . . makes plain the law that we and our district courts are bound to follow."); *Tyler v. U.S. Dep't of Educ. Rehab. Servs. Admin.*, 904 F.3d 1167, 1187

4

n.20 (10th Cir. 2018) (recognizing that, notwithstanding criticisms of applicable

Supreme Court decision, "we are bound to apply Supreme Court precedent").[2]

The Owners also argue the Officers did not timely invoke qualified immunity.

They complain that "counsel for the defense move[d] to stay discovery in the

11th hour (over five months into proceedings)" and "did not request a conference

with the court as was required by the scheduling order."  Aplt. Opening Br. at 4

(emphasis omitted).  We disagree. The preference is to resolve qualified immunity

"at the earliest possible stage of a litigation," *Anderson v. Creighton*, 483 U.S. 635,

646 n.6 (1987).  But the Officers did not waive the ability to assert a qualified

immunity defense by waiting to file their motion for summary judgment until at least

some discovery had been conducted.  In any event, we discern no abuse of discretion

in the district court's decision to grant the Officers' motion to stay discovery without

first conducting an informal conference.  *See Cole v. Ruidoso Mun. Schs.*, 43 F.3d

1373, 1386 (10th Cir. 1994) ("As a general rule, discovery rulings are within the

broad discretion of the trial court.").

---

[2] To be sure, the doctrine of qualified immunity has been criticized.  But judicial decisions, even if criticized, are a valid source of law.  *See* Robert A. Carp, Ronald Stidham & Kenneth L. Manning, *Judicial Process in America* 6 (CQ Press 6th ed. 2004) ("[J]udicial decisions themselves constitute a body of law in the United States."); Robert E. Keeton, *Keeton on JUDGING in the American Legal System* § 2.5.1 (Lexis Law Pub. 1999) ("The phrase 'common law' . . . concerns the process of case-by-case decisional development of the law. . . .  The authoritative sources of law to which judges turn for guidance in the common-law tradition include the precedents developed by the common-law process . . . .").

The Owners further contend "there should have been more emphasis placed on the defendant[s'] incompetent and/or malicious behavior," Aplt. Opening Br. at 6, and "[t]he court failed to consider the totality of the defendants' actions," *id.* at 7. These arguments go to the first prong of the qualified immunity test—whether the alleged conduct violated a constitutional right—which the district court resolved in favor of the Owners.

But it is also the Owners' burden to show the law was clearly established. *See Jordan v. Jenkins*, 73 F.4th 1162, 1167 (10th Cir. 2023) ("[I]n the qualified immunity context, the plaintiff bears the burden of proving that (1) the defendants' actions violated plaintiff's federal rights, and (2) that the federal rights were clearly established at the time of the conduct."), *cert. denied sub nom. Donnellon v. Jordan*, 144 S. Ct. 1343 (2024).  The Owners rely on *Schinagel v. City of Albuquerque*, No. Civ. 07-481 LH/RLP, 2008 WL 11399629 (D.N.M. Dec. 18, 2008) (unpublished).  But a single district court decision does not clearly establish the law for purposes of qualified immunity.  *See Jordan*, 73 F.4th at 1168 ("To show that the law is clearly established, a plaintiff must normally point to a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts." (internal quotation marks omitted)); *Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1306 (10th Cir. 2021) ("District court cases lack the precedential weight necessary to clearly establish the law for qualified immunity purposes."); *see also Thompson v. Ragland*, 23 F.4th 1252, 1260 n.3 (10th Cir. 2022) (recognizing

that "[a]n unpublished opinion cannot clearly establish the law").[3]  Accordingly, the

district court did not err in concluding the law was not clearly established when the

Officers acted, and on that basis, granting qualified immunity to the Officers.

## B.     Recusal of the Magistrate Judge

The Owners also insist the magistrate judge should have recused.  According

to the Owners, the magistrate judge previously was a prosecutor and therefore, they

insist, she is biased in favor of the police.  The Owners contend they would not have

consented to have their case heard by a magistrate judge if they knew this judge

would be assigned.

Again, we see no basis for reversal.  The Owners are mistaken about the

procedural posture of the case. Though the record suggests the Owners originally

may have consented to have a magistrate judge preside, eventually the case was

reassigned to a district judge.[4]  The magistrate judge submitted to the district judge a

report and recommendation on the motions for summary judgment.  *See* 28 U.S.C.

---

[3] The Owners also cite *Green v. Thomas*, 734 F. Supp. 3d 532 (S.D. Miss. 2024), and *Hughes v. Garcia*, 100 F.4th 611 (5th Cir. 2024), as "two more recent cases . . . where [qualified immunity] does not prevail."  Aplt. Opening Br. at 3. *Green* and *Hughes*, however, involved entirely different facts and circumstances. The fact that the courts declined to apply qualified immunity in those cases does not mean that the district court erred in applying qualified immunity in this case.

[4] No statements regarding consent to trial by a magistrate judge appear in the record on appeal.  Soon after the case was reassigned to a district judge, a text-only docket entry stated, "[b]ecause this case has been reassigned to a district judge, please be advised that any documents filed by the parties under [Fed. R. Civ. P.] 73(b) have been permanently removed from the docket."  R. at 4 (district court docket entry 19).  Rule 73(b) governs the consent procedure.

§ 636(b)(1)(B); Fed. R. Civ. P. 72(b).  It was the district judge, not the magistrate judge, who made the final decision on review in this appeal.

In any event, it is not at all clear that the arguments advanced on appeal to support recusal were presented to the district court.  *See Little v. Budd Co.*, 955 F.3d 816, 821 (10th Cir. 2020) ("[A]bsent extraordinary circumstances, arguments raised for the first time on appeal are waived."); *Richison v. Ernest Grp.*, *Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) (applying waiver where legal arguments were raised for the first time on appeal and plaintiff further failed to argue for plain-error review).  The Owners' motion to recuse stated, without further explanation:  "Pursuant to N.M. R. Civ. P. Dist. Ct. 1-088.1, Plaintiffs would like to exercise their right to move to recuse Judge Jennifer M. Rozzoni.  At this time Plaintiffs do not feel obligated to explain their reasoning."  Suppl. R. at 3.[5]  In seeking recusal, the Owners said nothing about the magistrate judge's work as a prosecutor or her alleged bias in favor of the police.  The Owners made more specific allegations about the magistrate judge's prior employment in a motion to rescind consent, *see id.* at 7-9, which the district judge denied as moot.  Even assuming these assertions preserved the Owners' appellate argument, there is no reversible error.  The magistrate judge did not abuse her discretion in declining to recuse because the Owners' allegations amount to "unsubstantiated suggestions of personal bias or prejudice."  *Bryce v. Episcopal*

---

[5] N.M. R. Civ. P. Dist. Ct. 1-088.1 allows a party to peremptorily excuse one district judge.  But it is a rule of the New Mexico state courts, not the federal district court.  It therefore does not apply in this case.

*Church in the Diocese of Colo.*, 289 F.3d 648, 659-60 (10th Cir. 2002); *see also*

*United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (holding that "speculation,

beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters"

do not require recusal).[6]

## C.    Owners' Evidence

Finally, the Owners maintain reversal is required because their "evidence was

somehow corrupted while in the district court's possession." Aplt. Opening Br. at 5.

They assert that "[a]s the case moved from district to appellate," they received a

telephone call from the clerk's office "explain[ing] that plaintiffs' evidence was

corrupted" and "request[ing] a copy of the evidence be mailed to the district court

clerk's office in Albuquerque." *Id.* They state, "[a]fter several calls to both the

clerk's office in Albuquerque and the clerk's office in Denver, plaintiffs were not

convinced their resubmitted evidence would be handled any differently." *Id.*

(emphasis omitted). The Owners also provide a Dropbox link "to view plaintiffs'

evidence presented in this case." *Id.* at 1 (bolding omitted).

We are not persuaded. It is not clear what "evidence" the Owners refer to.[7]

And even assuming the truth of their allegations, the Owners have not shown how

---

[6] In addition, the Owners largely support their belief that the magistrate judge is biased by pointing to statements in her report and recommendation. It is well established, however, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

[7] We confine our review to the record on appeal and therefore decline to use the Owners' Dropbox link. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648

these events might have affected the district court's summary judgment decisions or this court's review. The Owners do not allege the district court failed to review relevant materials, nor do they point to any filing in the record on appeal that is incomplete. They also do not identify any piece of evidence that would create a genuine issue of material fact precluding summary judgment for the Officers. And as discussed above, the grant of summary judgment turned on issues of law, not of fact. Accordingly, the allegations regarding the handling of the Owners' evidence do not merit reversal of the district court's decision.

### III

 We affirm the district court's judgment.

Entered for the Court


Veronica S. Rossman
Circuit Judge

---

(10th Cir. 2008) ("We generally limit our review on appeal to the record that was before the district court when it made its decision.").