**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 13, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

BLONDELL F. MITCHELL,

    Plaintiff - Appellant,

v.

AMAZON CORPORATION; AMAZON
WEB SERVICES,

    Defendants - Appellees.

No. 25-3040
(D.C. No. 2:24-CV-02363-HLT-ADM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

Blondell F. Mitchell appeals pro se from the district court's dismissal of her employment-related claims.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mitchell proceeds pro se, we construe her filings liberally, but we do not act as her advocate. *See Davis v. Clifford*, 825 F.3d 1131, 1134 n.1 (10th Cir. 2016).

Mitchell worked at an Amazon facility in Kansas. She states Amazon mistakenly believed her to be disabled due to false statements about her on social media, television, and radio. Following termination of her employment by Amazon, she brought suit under the Americans with Disabilities Act (ADA) and state law. She asserted she suffered disparate treatment and harassment in violation of the ADA because Amazon perceived her as being disabled. The district court granted Amazon's motion to dismiss the ADA claims under Federal Rule of Civil Procedure 12(b)(6), concluding her complaint did not state sufficient facts to show Amazon employees regarded Mitchell as suffering from HIV/AIDS. The court declined to exercise supplemental jurisdiction over her state-law claims.

We review Rule 12(b)(6) dismissals de novo. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Having carefully reviewed the briefs and the record, we affirm the district court's dismissal of Mitchell's case. We agree with the district court's order, save for one exception. The district court held that Mitchell did not adequately plead a decisionmaker regarded her as disabled because she failed to "allege that anyone believed that she was substantially limited in a major life activity" due to her claimed perceived disability. R. at 183. Following the effective date of the ADA Amendments Act of 2008 (ADAAA), plaintiffs bringing regarded-as-disabled ADA claims do not need to plead that an impairment substantially limits a major life activity. *See Adair v. City of Muskogee*, 823 F.3d 1297, 1306 (10th Cir. 2016). "Under the ADAAA, the only qualification for an impairment in a 'regarded as' claim is that the impairment not be 'transitory and

2

minor.'" *Id.* (quoting 42 U.S.C. § 12102(3)(B)).  But any error in referring to the substantial-limitation standard does not affect the result.  The complaint yet did not plead all the elements of a regarded-as ADA claim, because Mitchell also had to show "the employer was aware of and therefore perceived the impairment at the time of the alleged discriminatory action."  *Id.*  (Of course, "the employer" in this context is understood to be the decisionmaker, because a corporation "can only act through its officers and employees," *Magnum Foods, Inc. v. Continental Cas. Co.*, 36 F.3d 1491, 1499 (10th Cir. 1994)).  Mitchell's complaint states that "Amazon along with its managers and a lot of employees" wrongfully believed she was disabled, R. at 16, but it does not identify or allege any specific facts to support that generic statement.

Mitchell's remaining arguments, that she was denied effective discovery and the district court applied the doctrine of stare decisis, are without merit.  A plaintiff must assert an actionable case before invoking discovery principles.  *See EEOC v. Roark-Whitten Hospitality 2, LP*, 28 F.4th 136, 150 (10th Cir. 2022).  And her assertion of stare decisis principles are both unintelligible and meritless.

We affirm the district court's judgment.

Entered for the Court

Carlos F. Lucero
Senior Circuit Judge

3