**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 11, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

CHRISTOPHER D. HARRELL,

    Plaintiff - Appellant,

v.

GEORGE DANIEL ROSS, JR., Sergeant
and Grievance Manager, Wyoming
Medium Correctional Institution, in his
official and individual capacities,

    Defendant - Appellee.

No. 23-8035
(D.C. No. 2:22-CV-00273-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **LUCERO**, Circuit Judges.
_____

Christopher Harrell, a Wyoming inmate proceeding pro se, appeals from the

district court's dismissal of his suit against prison sergeant George Ross under

42 U.S.C. § 1983 and the Wyoming Constitution.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm the dismissal of the claims under § 1983, affirm the

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissal of the official-capacity claims under the Wyoming Constitution, and vacate the dismissal of the individual-capacity claims under the Wyoming Constitution and remand for further proceedings.

## BACKGROUND

Harrell is an inmate at Wyoming Medium Correctional Institution (WMCI), where Sergeant Ross works. In the summer of 2022, Harrell was a plaintiff in a separate federal civil rights case captioned *Harrell v. Johnson*. He served Sergeant Ross with a summons in *Harrell v. Johnson* on July 29, 2022.[1]

On July 30, Harrell was scheduled for an unrelated video visit. He was about 15 minutes early; so to kill time he entered the computer laboratory, which was on the same hallway, where another inmate (C.B.) was using a computer. Harrell had previously supplied an affidavit in unrelated C.B. litigation. He asked C.B. about the status of his suit and about filing similar litigation on his own behalf. C.B. used the laboratory computer in the process of responding to Harrell's inquiry.

Sergeant Ross was the security officer for the computer-laboratory hallway on July 30. A policy posted on the laboratory door barred inmates from loitering in the laboratory while nonetheless allowing prisoners to be in the room "if actively utilizing a computer." R. at 111. After seeing Harrell's interaction with C.B.,

---

[1] Sergeant Ross states that service occurred on July 28, 2022, but we recite the facts as the complaint pleads them.

Sergeant Ross issued a conduct violation report (CVR) charging Harrell with disobeying an order by violating the posted policy.[2]

At his disciplinary hearing, Harrell "stated that he was in the computer lab assisting and reviewing legal work pertaining to [C.B.]. . . . [He] stated that he was utilizing a computer, it was just a 'shared' computer with [C.B.]." R. at 113. The hearing officer reviewed a recording from the computer laboratory and noted that "it appears that [Harrell] is reviewing [C.B.'s] computer and speaking with [C.B.]. Both inmates appear actively engaged with computer work." *Id.* After speaking with the law librarian and the deputy warden, the hearing officer determined inmates commonly shared computers and the policy was intended to bar inmates who were not engaged in computer work. The hearing officer found no violation.

Based in part on the hearing officer's vindication, Harrell filed a civil rights suit in Wyoming state court alleging Sergeant Ross, acting in his official and individual capacities, violated federal and state constitutional rights by issuing the CVR. Sergeant Ross removed the suit to the federal district court and moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, holding that (1) sovereign immunity barred the state constitutional claims; (2) Harrell had not adequately pleaded his federal constitutional claims

---

[2] In deciding a Rule 12(b)(6) motion, a court may review documents referenced in the complaint without converting the motion to one for summary judgment. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017). Applying that principle, Sergeant Ross submitted copies of the CVR and disciplinary file, and the district court considered them. Harrell does not challenge that decision on appeal.

3

against Sergeant Ross, in either his individual or official capacity; and

(3) Sergeant Ross was entitled to qualified immunity on the § 1983 claims.[3]  The

district court dismissed the entire action with prejudice.

## DISCUSSION

### I.    Standards of Review

We review a Rule 12(b)(6) dismissal de novo.  *Al-Owhali v. Holder*, 687 F.3d

1236, 1239 (10th Cir. 2012).  "[A] complaint must contain enough allegations of fact,

taken as true, to state a claim to relief that is plausible on its face."  *Id.* (internal

quotation marks omitted).  "Although we must accept as true all factual allegations

asserted in the complaint, dismissal is appropriate where the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct."  *Id.*

(internal quotation marks omitted).

Because Harrell proceeds pro se, we construe his filings liberally.  *See Davis v.

Clifford*, 825 F.3d 1131, 1134 n.1 (10th Cir. 2016).  "This liberal treatment is not

without limits, and this court has repeatedly insisted that pro se parties follow the

same rules of procedure that govern other litigants."  *Kay v. Bemis*, 500 F.3d 1214,

1218 (10th Cir. 2007) (internal quotation marks omitted).  "We do not . . . take on the

---

[3] The district court stated that to the extent Harrell implicitly sought expungement of the CVR from his record, he would have to seek habeas relief under 28 U.S.C. § 2241 rather than through a civil rights action.  On appeal, Harrell suggests the district court should have converted that portion of his complaint to a habeas claim.  But in the district court he neither explicitly requested expungement of the CVR nor requested conversion, and he has not argued for plain error on appeal.  Thus, he has waived the issue.  *See Wyo-Ben Inc. v. Haaland*, 63 F.4th 857, 871 (10th Cir. 2023) (collecting cases).

responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Davis*, 825 F.3d at 1134 n.1 (internal quotation marks omitted).

## II.    Federal Claims

### A.    Individual-Capacity § 1983 Claims

#### 1.    First Amendment Retaliation Claim

Harrell claimed that Sergeant Ross issued the CVR in retaliation for Harrell's exercise of his First Amendment rights. To proceed with this claim, Harrell must plausibly plead: (1) he engaged in constitutionally protected activity; (2) Sergeant Ross's actions caused him "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) Sergeant Ross's "adverse action was substantially motivated as a response" to his protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). Before the district court, Sergeant Ross conceded for purposes of his Rule 12(b)(6) motion that the filing of *Harrell v. Johnson* was protected conduct and the issuing a CVR could constitute "chilling," so this claim rests on number (3).

In order for a First Amendment retaliation claim to prevail, "a plaintiff must establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (internal quotation marks omitted). "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse

5

action against the plaintiff would not have been taken absent the retaliatory motive."
*Id.*

Harrell relies on temporal proximity to establish causation. We have held however, that "mere temporal proximity is insufficient, without more, to establish the elements of retaliation." *VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1174 (10th Cir. 2021) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 1208 (2022). Because the complaint did no more than allege temporal proximity, it did not plausibly plead but-for causation. Accordingly, the district court did not err in dismissing the First Amendment retaliation claim.

### 2.    Fourteenth Amendment Equal Protection Claim[4]

Harrell also claimed that Sergeant Ross violated his Fourteenth Amendment right to equal protection of the laws. To proceed with this claim, Harrell must plausibly plead that Sergeant Ross treated him differently from similarly situated inmates. *See Grissom v. Roberts*, 902 F.3d 1162, 1173 (10th Cir. 2018). "Individuals are similarly situated only if they are alike in all relevant respects." *Id.* (internal quotation marks omitted). A plaintiff must do more than make conclusory allegations to establish an equal protection claim. *See Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

---

[4] On appeal, Harrell also discusses due process principles. But in the district court he did not assert a due process claim, and he does not argue for plain error on appeal. He thus has waived this claim. *See Wyo-Ben Inc.*, 63 F.4th at 871.

Harrell's complaint does not assert any facts showing he was treated differently than any other inmate, much less a similarly situated inmate. In response to the Rule 12(b)(6) motion, he alleged he was the only inmate in the laboratory to receive a CVR. But even were Harrell to include this allegation in an amended complaint, it is not sufficiently specific to assert a plausible claim. Just pointing out that there were other inmates in the computer laboratory does not mean that those other inmates were similarly situated to Harrell—for example, Harrell has never alleged that Sergeant Ross saw any other inmate come into the computer laboratory for a short period and look at another inmate's computer screen, but did not issue him a CVR. The district court did not err in dismissing the equal protection claim.

### 3.    Qualified Immunity

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.* (internal quotation marks omitted). When a defendant asserts qualified immunity, it is the plaintiff's burden to establish (1) the defendant violated a constitutional right, and (2) the right was clearly established at the time. *See id.* at 232. The court may address either prong first. *See id.* at 236.

The district court held that Harrell failed to establish either prong. Because we have affirmed the determination that Harrell failed to plausibly plead the violation of a constitutional right, we need not consider the clearly established prong. We affirm the district court's award of qualified immunity on the individual-capacity § 1983 claims.

## B.    Official-Capacity § 1983 Claims

"An official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Prince v. Sheriff of Carter Cnty.*, 28 F.4th 1033, 1048 (10th Cir. 2022) (internal quotation marks omitted). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). They may be sued under § 1983 only for injunctive relief. *See id.* at 71 n.10; *Kentucky v. Graham*, 473 U.S. 159, 169 n.18 (1985). And "a governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation." *Graham*, 473 U.S. at 166 (internal quotation marks omitted).

Harrell failed to plead specific facts to show that the Wyoming Department of Corrections (DOC) was a "moving force" behind the alleged First Amendment and Fourteenth Amendment violations. Moreover, before this court, he states, "As DOC supported the memo and Mr. Harrell's acquittal, it seems this decision was solely Defendant Ross' while he worked for DOC. *This suit is against Defendant Ross, not DOC*, therefore the Eleventh Amendment does not apply." Aplt. Reply Br. at 16 (emphasis added). By conceding his real dispute is with Sergeant Ross in his

8

individual capacity, Harrell effectively abandons his official-capacity § 1983 claims. We affirm the dismissal of those claims.

### III.    State Claims

Harrell alleged violations of §§ 16 and 21 of Article 1 of the Wyoming Constitution. The complaint ostensibly pleaded these claims under § 1983. Recognizing that "an action under § 1983 . . . cannot be maintained on the basis of alleged violations of state law," *Stanko v. Maher*, 419 F.3d 1107, 1117 (10th Cir. 2005) (rejecting § 1983 claim under the Wyoming Constitution), the district court addressed these claims as separate state constitutional claims and held they were barred by sovereign immunity.

"[T]he general rule in Wyoming is that the government is immune from liability, and, unless a claim falls within one of the statutory exceptions to governmental immunity, it will be barred." *State Dep't of Corr. v. Watts*, 177 P.3d 793, 798 (Wyo. 2008) (brackets and internal quotation marks omitted). "The decision of whether to waive immunity for a governmental entity belongs to the Wyoming Legislature, not [the Wyoming Supreme] Court." *Craft v. State ex rel. Wyo. Dep't of Health*, 465 P.3d 395, 403 (Wyo. 2020).

The Wyoming Constitution provides that "[s]uits may be brought against the state in such manner and in such courts as the legislature may by law direct." Wyo. Const. art. 1, § 8. The Wyoming Supreme Court, however, has held this provision "is not self-executing; that no suit can be maintained against the State until the legislature makes provision for such filing; and, that absent such consent, no suit

9

or claim could be made against the State." *May v. Se. Wyo. Mental Health Ctr.*, 866 P.2d 732, 737 (Wyo. 1993) (internal quotation marks omitted).  Harrell has not identified any provision by the Wyoming legislature allowing the State to be sued under §§ 16 and 21 of Article 1 of the Wyoming Constitution.  Accordingly, the district court correctly applied sovereign immunity to dismiss the state constitutional claims as to Sergeant Ross in his official capacity.  *See May*, 866 P.2d at 737 (holding that plaintiff's "civil rights claims, based on the Wyoming Constitution, fail because of no implementing legislation").

This leaves the state constitutional claims against Sergeant Ross in his individual capacity.  In discussing the authorities regarding immunity, neither the district court nor Sergeant Ross distinguish between the sergeant's official capacity and his individual capacity.  But a claim against an employee in an individual capacity is not necessarily a claim against the state.  *See Graham*, 473 U.S. at 167-68 ("A victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him."); *Norton v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 862 F.3d 1236, 1250 n.5 (10th Cir. 2017) ("Sovereign immunity does not bar claims against a state officer sued in his individual capacity as long as the relief sought would not operate against the sovereign.").  It may well be that a plaintiff cannot bring claims under the state constitution against employees in their individual capacities in the absence of some enabling legislation—akin to the role § 1983 plays for federal constitutional claims—or that some other immunity applies, but we decline to address those unbriefed issues in the first instance.  We

10

therefore vacate the judgment in favor of Sergeant Ross in his individual capacity on the state constitutional claims and remand for the district court to conduct further proceedings, which in its discretion may include declining to exercise supplemental jurisdiction over those claims. *See Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1314 (10th Cir. 2021) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." (internal quotation marks omitted)).

## IV.    Dismissal Without Opportunity to Amend

Harrell also complains that the district court dismissed the action with prejudice, without allowing him an opportunity to amend. "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). As discussed, the complaint failed to state a plausible § 1983 claim or an official-capacity claim under the Wyoming Constitution. Although Harrell asserts he could correct the deficiencies if he were given an opportunity to amend, he never moved to amend in the district court, and his district-court filings and appellate briefs do not allege sufficiently specific facts or law to indicate that amendment would not be futile. We therefore affirm the dismissal of the § 1983 claims and the official-capacity state constitutional claims with prejudice, without providing for an opportunity to amend.

**CONCLUSION**

We grant Harrell's motion to proceed without prepayment of costs and fees.

We affirm the dismissal of the claims under § 1983 and the official-capacity claims

under the Wyoming Constitution.  We vacate the dismissal of the individual-capacity

claims under the Wyoming Constitution and remand for further proceedings.

Entered for the Court

Carlos F. Lucero
Circuit Judge