**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 2, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CHRISTOPHER D. HARRELL,

     Plaintiff - Appellant,

and

PAUL A. RENAUD,

     Plaintiff,

v.

GEORGE ROSS, Administrative Sergeant, Wyoming Department of Corrections Medium Correctional Institution, in his official and individual capacity; NATHANIEL OLENICK, Security Officer, Wyoming Medium Correctional Institution, in his official and individual capacity; KAELI HANSEN, Security Officer, Wyoming Medium Correctional Institution, in her official and individual capacity; JOSHUA WAGNER, Property Manager, Wyoming Medium Correctional Institution, in his official and individual; JEREMY LIRA, Security Sergeant, Wyoming Medium Correctional Institution, in his official and individual capacity; LEN DIMAS, Security Lieutenant, Wyoming Medium Correctional Institution Lieutenant, in his official and individual capacity; STEVEN CHULSKI, Security Captain, Wyoming Medium Correctional Institution, in his official and individual capacity; GEORGE KIRKIKIS, Security Major, Wyoming Medium Correctional Institution, in his official and individual capacity; MARLENA MCMANIS, Deputy

No. 23-8007
(D.C. No. 1:22-CV-00212-SWS)
(D. Wyo.)

Warden, Wyoming Medium Correctional Institution, in her official and individual capacity; MICHAEL PACHECO, Warden, Wyoming Medium Correctional Institution, in his official and individual capacity; DALTON VAN PELT, Security Sergeant Wyoming Medium Correctional Institution, in his official and individual capacity; SARA TRAPP, Security Sergeant, Wyoming Medium Correctional Institution, in her official and individual capacity; CHRISTOPHER LIEN, Security Sergeant, Wyoming Medium Correctional Institution, in his official and individual capacity; CRYSTAL EVERSOLE, Security Captain, Wyoming Medium Correctional Institution Security, in her official and individual capacity; NEICOLE MOLDEN, Former Deputy Warden, Wyoming State Penitentiary, in her official and individual capacity; MICHAEL HARLOW, Former Warden, Wyoming State Penitentiary, in his official and individual capacity; SCOTT ABBOTT, Division Administrator, Wyoming Department of Corrections, in his official and individual capacity; HEATHER BABBITT, Deputy Director, Wyoming Department of Corrections, in her official and individual capacity; DANIEL SHANNON, Director, Wyoming Department of Corrections, in his official and individual capacity,

       Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]

_____

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral

_____

Before **BACHARACH**, **KELLY**, and **LUCERO**, Circuit Judges.

_____

Christopher Harrell, a Wyoming inmate proceeding pro se, appeals from the dismissal of his civil rights suit against numerous officials of the Wyoming Department of Corrections (WDOC) under 42 U.S.C. § 1983 and the Wyoming Constitution. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal of the claims under § 1983, affirm the dismissal of the official-capacity claims under the Wyoming Constitution, and vacate the dismissal of the individual-capacity claims under the Wyoming Constitution and remand for further proceedings.

## BACKGROUND

While Harrell was incarcerated at the Wyoming State Penitentiary (WSP) in 2021, prison officials seized his Xbox gaming console, allegedly because it contained digital pornography. He was cited for three violations in a Conduct Violation Report (CVR) designated #21-0613. A hearing officer found him guilty of all three violations, ordered him to relinquish the Xbox, and barred him from buying another one for a year. In addition, he lost 45 days of good time credit. He shipped the Xbox out of WSP to a friend.

_____

estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

3

Harrell later was transferred to the Wyoming Medium Correctional Institution (WMCI). A co-plaintiff, Paul Renaud, also was an inmate at WMCI. Officials there seized Renaud's PS4 gaming system because he was in possession of an unauthorized game. Harrell helped Renaud challenge the seizure. In May 2022, both he and Renaud were disciplined for sharing legal materials, with the CVR issued to Harrell designated as #22.05.003.

CVR #22.05.003 alleged that by providing legal documents to Renaud, Harrell violated a policy that prohibited inmates from "[t]rading, bartering, lending or otherwise engaging in any personal transaction with any . . . inmate . . . when such transaction has not been specifically authorized." R. Vol. 2 at 223. A hearing officer found Harrell guilty of the violation and imposed a $10 fine.

Harrell and Renaud filed a civil rights suit in Wyoming state court alleging prison officials, acting in their official and individual capacities, violated federal and state constitutional rights. Defendants removed the suit to Wyoming federal district court and moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). Harrell and Renaud responded in opposition, and defendants filed a reply.

The district court granted the motion. As relevant to this appeal, it held that (1) sovereign immunity barred the state constitutional claims; (2) Harrell had not adequately pleaded his federal constitutional claims against defendants in either their individual or official capacities; and (3) the defendants were entitled to qualified

immunity on the individual-capacity § 1983 claims. The court dismissed the claims without prejudice.[1]

Harrell now appeals.[2]

## DISCUSSION

### I.    Standards of Review

We review a Rule 12(b)(6) dismissal de novo. *Al-Owhali v. Holder*, 687 F.3d 1236, 1239 (10th Cir. 2012). "[A] complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "Although we must accept as true all factual allegations asserted in the complaint, dismissal is appropriate where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 1240 (internal quotation marks omitted).

Because Harrell proceeds pro se, we construe his filings liberally. *See Davis v. Clifford*, 825 F.3d 1131, 1134 n.1 (10th Cir. 2016). "This liberal treatment is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (internal quotation marks omitted). "We do not . . . take on the

---

[1] A without-prejudice dismissal is final and appealable only if it "finally disposes of the case so that it is not subject to further proceedings in federal court." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001). We are persuaded the district court's decision finally disposed of the case.

[2] This court dismissed Renaud as an appellant. Harrell explicitly declines to address the dismissal of several counts as pertaining solely to Renaud, and we do not consider the disposition of those claims.

responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Davis*, 825 F.3d at 1134 n.1 (internal quotation marks omitted).

## II.     Federal Claims

### A.     Individual-Capacity § 1983 Claims

#### 1.     First Amendment Claims

##### a.     Retaliation

Harrell claimed that Sergeant George Ross issued CVR #22.05.003 in retaliation for filing grievances and assisting Renaud in legal matters.  In addition to holding that Harrell had not plausibly pleaded the causation element of a First Amendment retaliation claim, *see Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007), the district court held that the claim was barred by *Requena v. Roberts*, 893 F.3d 1195, 1211 (10th Cir. 2018), in which this court held a prisoner cannot maintain a retaliation claim based on a disciplinary report if a hearing officer finds him guilty of the violation and there is evidence to sustain the violation.  The district court further held the claim was precluded by the claim-splitting doctrine.

We need not consider causation or claim-splitting because the record supports the district court's determination that *Requena* bars a retaliation claim.  The complaint pleads that the hearing officer found Harrell guilty of the offense charged in CVR #22.05.003, and in admitting that Harrell gave legal documents to Renaud, the complaint establishes there was evidence of a violation.  Accordingly, the district

6

court correctly held that *Requena* precludes Harrell from maintaining a retaliation claim based on CVR #22.05.003.

**b.      Freedom of Speech/Petition for Redress**

Harrell's complaint also asserted defendants violated his First Amendment rights to free speech and to petition the government for redress of grievances.  It appears these allegations rest on his belief that he has a constitutional right to assist other inmates with their legal work.  The Supreme Court, however, has "decline[d] to cloak the provision of legal assistance with any First Amendment protection above and beyond the protection normally accorded prisoners' speech."  *Shaw v. Murphy*, 532 U.S. 223, 231 (2001).  To plead a plausible claim, therefore, Harrell must plead facts to plausibly show that defendants' restriction of his speech is not reasonably related to legitimate penological interests.  *See id.* at 232 (stating that "the proper constitutional test is the one we set forth in *Turner* [*v. Safley*, 482 U.S. 78 (1987)]," which held that a prison "regulation is valid if it is reasonably related to legitimate penological interests," 482 U.S. at 89); *Al-Owhali*, 687 F.3d at 1240 (requiring a prisoner to plead sufficient facts to allow for a plausible inference that a policy does not satisfy the *Turner* test).  Harrell's allegations failed to meet this pleading standard.

**2.      Eighth Amendment Claim**

Harrell alleged that defendants violated his right to be free from cruel and unusual and excessive punishments by disciplining him and imposing a monetary fine for aiding Renaud with legal matters.  The district court held that the challenged

7

actions were not sufficiently serious to rise to the level of an Eighth Amendment violation and that Harrell failed to allege facts to plausibly plead that defendants knew he faced a substantial risk of serious harm and disregarded that risk.

Harrell asserts the district court erred because "assisting one another with legal work is a protected right under the Constitution, therefore when both Plaintiffs (Mr. Harrell) were punished, it is an Eight[h] Amendment violation." Aplt. Opening Br. at 17. As stated above, however, he has no greater protection for providing legal assistance to other prisoners than for other types of speech, and he did not plead a plausible claim that his First Amendment rights were violated. And even if he plausibly pleaded a First Amendment claim, Harrell fails to support his assertion that a violation of another constitutional right necessarily becomes an Eighth Amendment violation.

### 3.    Fourteenth Amendment Claims

#### a.    Due Process

Harrell claimed that he did not receive due process with regard to the CVRs. To state a claim for a violation of due process, he must plead facts to establish (1) he was deprived of a protected interest in life, liberty, or property, and (2) he did not receive the appropriate level of process. *See Elliott v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012).

The district court gave several reasons for concluding that Harrell failed to state a due process claim with regard to CVR #22.05.003. We need consider only one: Harrell received an appropriate level of process. "The requirements of due

process are flexible and depend on a balancing of the interests affected by the relevant government action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). For prison disciplinary proceedings resulting in a loss of good-time credits, due process requires (1) "advance written notice of the disciplinary charges"; (2) "an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in [the prisoner's] defense"; (3) "a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action," and (4) "some evidence in the record" to support the decision. *Id.* Given that CVR #22.05.003 resulted in a $10 fine, which is less serious than a deprivation of good-time credits, process that satisfies *Hill* would be adequate (or more than adequate) in this case. The complaint failed to plead that Harrell did not receive advance written notice, a hearing, or a written statement of the decision, and it indicated there was some evidence to support the decision. Harrell therefore failed to state a plausible due process claim with regard to CVR #22.05.003.

The district court also gave multiple reasons for rejecting a due process claim as to CVR #21-0613. Again, we need consider only one: whether Harrell adequately pleaded he did not have a meaningful postdeprivation remedy. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "Inmate grievance procedures can be

an adequate postdeprivation remedy," *Requena*, 893 F.3d at 1212, even if they ultimately are denied, *id.* at 1213.  *See also Chapman v. Wyo. Dep't of Corr.*, 366 P.3d 499, 508 (Wyo. 2016) (holding prisoner "did, in fact, have a meaningful postdeprivation remedy available to him in the form of the [W]DOC's grievance procedure").  The filings in this case indicate the Wyoming prison grievance procedure can result in relief—in another proceeding, Harrell was able to obtain reversal of an initial decision to confiscate his PS4 gaming system.  Because Harrell did not show he lacked an adequate postdeprivation remedy, he failed to state a plausible due process claim with regard to CVR #21-0613.

### b.    Equal Protection

Harrell also claimed defendants violated his right to equal protection of the laws in CVR #21-0613 by punishing him more severely than other inmates.  He alleged that his violations were not major violations, and the punishments imposed were not authorized by WDOC policy.  He also alleged two other inmates who were found to have pornographic images on their Xbox consoles did not receive CVRs.  The district court held that Harrell failed to plausibly plead the other inmates were similarly situated to him:  "Plaintiff['s] allegations regarding these other unidentified inmates are totally lacking of any details, are conclusory at best and therefore, cannot form the basis of an equal protection claim."  R. Vol. 2 at 397.

As the district court recognized, to proceed with this claim, Harrell must plausibly plead that defendants treated him differently from similarly situated inmates.  *See Grissom v. Roberts*, 902 F.3d 1162, 1173 (10th Cir. 2018).

10

"Individuals are similarly situated only if they are alike in all relevant respects." *Id.* (internal quotation marks omitted). A plaintiff must do more than make conclusory allegations to establish an equal protection claim. *See Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995). Harrell's allegations were merely conclusory and failed to establish the other inmates who purportedly received better treatment were similarly situated to him.

### 4. Qualified Immunity

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.* (internal quotation marks omitted). When a defendant asserts qualified immunity, it is the plaintiff's burden to establish (1) the defendant violated a constitutional right, and (2) the right was clearly established at the time. *See id.* at 232. The court may address either prong first. *See id.* at 236.

The district court held that Harrell failed to establish either prong. Because we have affirmed the determination that Harrell failed to plausibly plead the violation of a constitutional right, we need not consider whether the law was clearly established. We affirm the district court's award of qualified immunity on the individual-capacity § 1983 claims.

### B.    Official-Capacity § 1983 Claims

"An official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Prince v. Sheriff of Carter Cnty.*, 28 F.4th 1033, 1048 (10th Cir. 2022) (internal quotation marks omitted).  However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  They may be sued under § 1983 only for injunctive relief.  *See id.* at 71 n.10; *Kentucky v. Graham*, 473 U.S. 159, 169 n.18 (1985).  Further, "a governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation." *Graham*, 473 U.S. at 166 (internal quotation marks omitted).  Harrell failed to plead specific facts to satisfy these requirements, particularly that any WDOC policy was a "moving force" behind the alleged constitutional violations.[3]

## III.   State Claims

Harrell alleged violations of §§ 6, 14, 16, and 21 of Article 1 of the Wyoming Constitution.  The district court held the state's sovereign immunity barred these claims.

"[T]he general rule in Wyoming is that the government is immune from liability, and, unless a claim falls within one of the statutory exceptions to governmental immunity, it will be barred." *State Dep't of Corr. v. Watts*, 177 P.3d

---

[3] Although Harrell requested invalidation of the CVRs and restoration of his good-time credits, the district court could not order such relief in this § 1983 suit because a ruling in Harrell's favor would necessarily imply the invalidity of the punishment. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

793, 798 (Wyo. 2008) (brackets and internal quotation marks omitted). "The decision of whether to waive immunity for a governmental entity belongs to the Wyoming Legislature, not [the Wyoming Supreme] Court." *Craft v. State ex rel. Wyo. Dep't of Health*, 465 P.3d 395, 403 (Wyo. 2020).

The Wyoming Constitution provides that "[s]uits may be brought against the state in such manner and in such courts as the legislature may by law direct." Wyo. Const. art. 1, § 8. The Wyoming Supreme Court, however, has held this provision "is not self-executing; that no suit can be maintained against the State until the legislature makes provision for such filing; and, that absent such consent, no suit or claim could be made against the State." *May v. Se. Wyo. Mental Health Ctr.*, 866 P.2d 732, 737 (Wyo. 1993) (internal quotation marks omitted). Harrell has not identified any provision by the Wyoming legislature allowing the State to be sued under §§ 6, 14, 16, or 21 of Article 1 of the Wyoming Constitution. Accordingly, the district court correctly applied sovereign immunity to dismiss the state constitutional claims as to defendants in their official capacities. *See May*, 866 P.2d at 737 (holding that plaintiff's "civil rights claims, based on the Wyoming Constitution, fail because of no implementing legislation").

This leaves the state constitutional claims against defendants in their individual capacities. In discussing the authorities regarding immunity, defendants address claims "against the State (and its employees)," Aplees. Resp. Br. at 20, but they do not distinguish between defendants' official capacities and their individual capacities. A claim against an employee in an individual capacity is not necessarily a

13

claim against the state. *See Graham*, 473 U.S. at 167-68 ("A victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him."); *Norton v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 862 F.3d 1236, 1250 n.5 (10th Cir. 2017) ("Sovereign immunity does not bar claims against a state officer sued in his individual capacity as long as the relief sought would not operate against the sovereign."). It may well be that a plaintiff cannot bring claims under the state constitution against employees in their individual capacities in the absence of some enabling legislation—akin to the role § 1983 plays for federal constitutional claims—or that some other immunity applies. Defendants do not clearly brief these arguments, however, and it appears that the district court's decision did not rest on any ground other than sovereign immunity. We therefore vacate the judgment in favor of defendants in their individual capacities on the state constitutional claims and remand for the district court to conduct further proceedings, which in its discretion may include declining to exercise supplemental jurisdiction over those claims. *See Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1314 (10th Cir. 2021) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." (internal quotation marks omitted)).

## CONCLUSION

We affirm the dismissal of the claims under § 1983 and the official-capacity claims under the Wyoming Constitution. We vacate the dismissal of the

individual-capacity claims under the Wyoming Constitution and remand for further

proceedings.

Entered for the Court


Carlos F. Lucero
Circuit Judge